IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIMBERLY KAY,<br><br>    *Plaintiff*,<br><br>v.<br><br>BMF IV IL FOX VALLEY VILLAGES LLC,<br>BRIDGE PROPERTY MANAGEMENT LLC,<br><br>    *Defendants*. | Civil Action No. 1:23-cv-6049 |

**DEFENDANTS' ANSWER TO COMPLAINT**
**AND NOTICE OF AFFIRMATIVE DEFENSES**

Defendants BMF IV IL Fox Valley Villages ("BMF") and Bridge Property Management, L.L.C. ("BPM" or collectively "Defendants"), by and through their counsel, Fisher & Phillips, LLP, answers Plaintiff Kimberly Kay's ("Plaintiff") Complaint (the "Complaint") as follows:

**JURISDICTION AND VENUE**

1. Defendants admit that this Court has jurisdiction over Plaintiff's claims.

2. Defendants admit that venue is proper.

**PARTIES**

3. Defendants state that Plaintiff has leased a unit at Fox Valley Villages since at least 2021 when Defendants assumed ownership and management of the property, and admit the property is owned by BMF. Defendants state that the property is managed by BPM. Defendants deny all other allegations not specifically admitted in paragraph 3 of the Complaint.

1

4. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint and therefore deny same.

5. Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

### Fair Housing and Human Rights Acts

8. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and therefore deny same.

9. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and therefore deny same.

10. Defendants admit that Plaintiff's last lease ran from September 1, 2022, through September 30, 2023, but lack sufficient information to form a belief as to what is meant by "tenant in good standing" or the truth of the remaining allegations contained in paragraph 10 and therefore deny the remaining allegations contained in paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in paragraph 12 of the Complaint.

13. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and therefore deny same.

14. Defendants state that the allegations contained in paragraph 14 of the Complaint refer to a document which speaks for itself and therefore requires no response by Defendants.

15. Defendants state that the allegations contained in paragraph 15 of the Complaint refer to a document which speaks for itself and therefore requires no response by Defendants.

16. Defendants state that the allegations contained in paragraph 16 of the Complaint refer to a document which speaks for itself and therefore requires no response by Defendants.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and therefore deny same.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants admit that Plaintiff provided limited information from her healthcare providers but deny any remaining allegations not specifically addressed in paragraph 22 of the Complaint.

23. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and therefore deny same.

24. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and therefore deny same.

25. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and therefore deny same.

26. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and therefore deny same.

27. Defendants state that the allegations contained in paragraph 27 of the Complaint refer to a document which speaks for itself and therefore requires no response by Defendants.

28. Defendants state that the allegations contained in paragraph 28 of the Complaint refer to a document which speaks for itself and therefore requires no response by Defendants.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint.

31. Defendants state that the allegations contained in paragraph 31 of the Complaint refer to a document which speaks for itself and therefore requires no response by Defendants.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint.

33. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and therefore deny same.

34. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and therefore deny same.

35. Defendants state that the allegations contained in paragraph 35 of the Complaint refer to a document which speaks for itself and therefore requires no response by Defendants.

36. Defendants state that the allegations contained in paragraph 36 of the Complaint refer to a document which speaks for itself and therefore requires no response by Defendants.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in paragraph 38, and all subparagraphs of paragraph 38, of the Complaint.

39. Defendants deny that there were any such failures as described in paragraph 39 and all subparagraphs, and therefore deny the allegations contained in paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in paragraph 40 of the Complaint.

41. Defendants deny that Plaintiff suffered any discrimination as a result of their actions and therefore deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny that Plaintiff suffered any discrimination as a result of their actions and therefore deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and therefore deny same.

44. Defendants deny that Plaintiff suffered any discrimination as a result of their actions and therefore deny the allegations contained in paragraph 44 of the Complaint.

**Electronic Funds Transfer and Deceptive Business Practices**

45. Defendants state that the allegations contained in paragraph 45 of the Complaint refer to a document which speaks for itself and therefore requires no response by Defendants.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and therefore deny same.

48. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and therefore deny same.

49. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and therefore deny same.

50. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and therefore deny same.

51. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and therefore deny same.

52. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and therefore deny same.

53. Defendants deny the allegations contained in paragraph 53 of the Complaint.

### Count I – Alleged Violation of the Fair Housing Amendments Act, Reasonable Accommodation – 42 U.S.C. §3604(f)(3)(B)

54. Defendants restate and reallege each and every answer set forth in every previous paragraph of this Answer as if fully set forth herein by reference.

55. Defendants state that the allegations contained in paragraph 55 of the Complaint refer to a statute or regulation which speaks for itself and therefore requires no response by Defendants.

56. Defendants state that the allegations contained in paragraph 56 of the Complaint state a legal conclusion which requires no response by Defendants.

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

### Count II – Alleged Violation of the Fair Housing Amendments Act, Privileges of Rental 42 U.S.C. §3604(b)

60. Defendants restate and reallege each and every answer set forth in every previous paragraph of this Answer as if fully set forth herein by reference.

61. Defendants state that the allegations contained in paragraph 61 of the Complaint refer to a statute or regulation which speaks for itself and therefore requires no response by Defendants.

62. Defendants state that the allegations contained in paragraph 62 of the Complaint state a legal conclusion which requires no response by Defendants.

63. Defendants state that the allegations contained in paragraph 63 of the Complaint state a legal conclusion which requires no response by Defendants.

64. Defendants deny the allegations contained in paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in paragraph 65 of the Complaint.

**Count III – Fair Housing Amendments Act, Alleged Retaliation and Intimidation - 42 U.S.C. §3617 and 24 C.F.R. §100.400(c)(6)**

66. Defendants restate and reallege each and every answer set forth in every previous paragraph of this Answer as if fully set forth herein by reference.

67. Defendants state that the allegations contained in paragraph 67 of the Complaint refer to a statute or regulation which speaks for itself and therefore requires no response by Defendants.

68. Defendants state that the allegations contained in paragraph 68 of the Complaint refer to a statute or regulation which speaks for itself and therefore requires no response by Defendants.

69. Defendants state that the allegations contained in paragraph 69 of the Complaint state a legal conclusion which requires no response by Defendants.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants state that the allegations contained in paragraph 71 of the Complaint state a legal conclusion which requires no response by Defendants.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in paragraph 74 of the Complaint.

**Count IV – Alleged Violation of the Illinois Human Rights Act, Reasonable Accommodation - 775 ILCS §5/3-102.1(C)(2)**

75. Defendants restate and reallege each and every answer set forth in every previous paragraph of this Answer as if fully set forth herein by reference[1].

76. Defendants state that the allegations contained in paragraph 76 (misnumbered as paragraph 2) of the Complaint refer to a statute or regulation which speaks for itself and therefore requires no response by Defendants.

77. Defendants state that the allegations contained in paragraph 77 (misnumbered as paragraph 3) of the Complaint state a legal conclusion which requires no response by Defendants.

78. Defendants state that the allegations contained in paragraph 78 (misnumbered as paragraph 4) of the Complaint state a legal conclusion which requires no response by Defendants.

79. Defendants deny the allegations contained in paragraph 79 (misnumbered as paragraph 5) of the Complaint.

80. Defendants deny the allegations contained in paragraph 80 (misnumbered as paragraph 6) of the Complaint.

---

[1] Plaintiff began renumbering her complaint at paragraph 75, instead numbering it as paragraph 1 and consecutively misnumbering throughout the remainder of the Complaint.

81. Defendants deny the allegations contained in paragraph 81 (misnumbered as paragraph 7) of the Complaint.

82. Defendants deny the allegations contained in paragraph 82 (misnumbered as paragraph 8), under Count IV of the Complaint.

83. Defendants deny the allegations contained in paragraph 83 (misnumbered as paragraph 9) of the Complaint.

**Count V – Alleged Violation of the Electronic Funds Transfer Act, Unauthorized Transfer – 15 U.S.C. §1693e and 12 C.F.R. 205.10(d)**

84. Defendants restate and realleges each and every answer set forth in every previous paragraph of this Answer as if fully set forth herein by reference.

85. Defendants state that the allegations contained in paragraph 85 (misnumbered as paragraph 11) of the Complaint state a legal conclusion which requires no response by Defendants.

86. Defendants state that the allegations contained in paragraph 86 (misnumbered as paragraph 12) of the Complaint refer to a statute or regulation which speaks for itself and therefore requires no response by Defendants.

87. Defendants state that the allegations contained in paragraph 87 (misnumbered as paragraph 13) of the Complaint refer to a statute or regulation which speaks for itself and therefore requires no response by Defendants.

88. Defendants state that the allegations contained in paragraph 88 (misnumbered as paragraph 14) of the Complaint state a legal conclusion which requires no response by Defendants.

89. Defendants deny the allegations contained in paragraph 89 (misnumbered as paragraph 15) of the Complaint.

90. Defendants deny the allegations contained in paragraph 90 (misnumbered as paragraph 16) of the Complaint.

91. Defendants admit/deny the allegations contained in paragraph 91 (misnumbered as paragraph 17) of the Complaint.

92. Defendants deny the allegations contained in paragraph 92 (misnumbered as paragraph 18) of the Complaint.

**Count VI – Alleged Violation of the Illinois Consumer Fraud Act, Unfair Practices – 815 ILCS §505/2**

93. Defendants restate and reallege each and every answer set forth in every previous paragraph of this Answer as if fully set forth herein by reference.

94. Defendants state that the allegations set forth in paragraph 94 (misnumbered as paragraph 20) of the Complaint require no response by Defendants.

95. Defendants state that the allegations contained in paragraph 95 (misnumbered as paragraph 21) of the Complaint state a legal conclusion which requires no response by Defendants.

96. Defendants state that the allegations contained in paragraph 96 (misnumbered as paragraph 22) of the Complaint state a legal conclusion which requires no response by Defendants.

97. Defendants state that the allegations contained in paragraph 97 (misnumbered as paragraph 23) of the Complaint state a legal conclusion which requires no response by Defendants.

98. Defendants state that the allegations contained in paragraph 98 (misnumbered as paragraph 24) of the Complaint refer to a statute or regulation which speaks for itself and therefore requires no response by Defendants.

99. Defendants deny the allegations contained in paragraph 99 (misnumbered as paragraph 25) of the Complaint.

100. Defendants deny the allegations contained in paragraph 100 (misnumbered as paragraph 26) of the Complaint.

101. Defendants deny that any alleged distress was caused by Defendants' actions and therefore deny the allegations contained in paragraph 101 (misnumbered as paragraph 27) of the Complaint.

102. Defendants deny the allegations contained in paragraph 102 (misnumbered as paragraph 28) of the Complaint.

103. Defendants deny the allegations contained in paragraph 103 (misnumbered as paragraph 2) of the Complaint.

104. Defendants deny the allegations contained in paragraph 104 (misnumbered as paragraph 29) of the Complaint.

105. Defendants deny that Plaintiff suffered any discrimination, retaliation or damages as a result of their actions and therefore deny the relief and damages requested in paragraphs A-K of the Complaint.

## GENERAL DENIAL

Any allegations or statements in Plaintiff's Complaint, including Plaintiff's Prayer for Relief, not expressly admitted are denied.

## SEPARATE AND AFFIRMATIVE DEFENSES AND DEFENSES

By way of further answer and without waiving any allegations previously denied, Defendant asserts the following separate and affirmative defenses:

1. Plaintiff's Complaint fails to state a claim for which relief may be granted.

2. Plaintiff's Complaint fails to state a cause of action against Defendant BMF, who contracted the management of Fox Valley Villages to BPM, and thus did not engage in any of the actions alleged by Plaintiff.

3. Plaintiff's claims are barred in whole or in part to the extent any relief is sought beyond the applicable statute of limitations, including the statute of limitations applicable to Plaintiff's claims under Illinois law.

4. Defendants acted in good faith at all times with respect to the allegations made in the Complaint and had reasonable grounds for believing that the alleged acts or omissions were not in violation of the law. Defendant made good faith efforts to comply with all applicable laws.

5. Although Defendants deny they committed any violation of the law, if it should be determined that Defendants committed any violations, such violations are *de minimis*.

6. Plaintiff failed to mitigate her damages.

7. The injuries and damages, if any, claimed by Plaintiff were proximately caused or contributed to by the fault of or negligence of Plaintiff or third parties.

8. Pending further discovery, Plaintiff's claims may be barred by the doctrines of estoppel, laches, statute of limitations, or waiver.

9. Plaintiff's claims are barred in their entirety as Plaintiff failed to comply with all the requirements under the lease agreement at the subject rental premises.

10. Plaintiff has engaged in conduct detrimental to the community's health and safety at Fox Valley Villages and is therefore barred from the relief she is seeking.

11. The damages requested by Plaintiff are speculative and without justification in law or fact.

12. To the extent Plaintiff suffered any symptoms of emotional or mental distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendants.

13. The alleged acts of which Plaintiff complains were based on reasonable factors other than Plaintiff's alleged disability or any other protected category under the Fair Housing Act or any other state or federal civil rights law.

14. Defendants reserve the right to allege additional defenses as they become known during discovery, and to amend its Answer accordingly. Defendants expressly reserve the right to amend the answer to assert additional affirmative defenses, and to supplement, alter or change the answer and affirmative defenses based upon further discovery.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray:

1. That Plaintiff takes nothing by her Complaint;

2. That Plaintiff's Complaint, and each cause of action contained therein, be dismissed with prejudice;

3. That Defendants should be awarded attorneys' fees, costs and expenses incurred; and

4. For such other and further relief as this Court may deem just and equitable.

Dated this 27th day of October, 2023.

Respectfully submitted,


*/s/ James M. Hux, Jr.*
James M. Hux, Jr.
Fisher & Phillips LLP
10 South Wacker Drive; Suite 3450
Chicago, IL 60606
Email: jhux@fisherphillips.com
Tel: (312) 346-8061


Danielle Urban, *pro hac vice*
Fisher & Phillips LLP
1125 17th Street, Suite 2400
Denver, CO  80202
durban@fisherphillips.com
Tel: (303-218-3654)

**Attorneys for Defendants**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of October, 2023, the above and foregoing document was filed and served via the Court's ECF filing system and served by first class U.S. Mail to the following counsel of record:

Aaron Hanford, Esq.
Kathryn Liss, Esq.
Prairie State Legal Services
31W001 E. North Ave., Suite 200
West Chicago, IL 60185
Tel: 630-690-2130
Email: *westsuburban@pslegal.org*

***Counsel for Plaintiff***

*/s/ James M. Hux, Jr.*
James M. Hux, Jr.
Fisher & Phillips LLP
10 South Wacker Drive; Suite 3450
Chicago, IL 60606
Email: jhux@fisherphillips.com
Tel: (312) 346-8061

***Attorneys for Defendants***